IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jeriton Lavar Curry, ) | C/A No.: 1:21-cv-1300-HMH-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER AND NOTICE |
| Federal Bureau of Prisons/Federal ) | |
| Correctional Institution ) | |
| Williamsburg and Officer J. ) | |
| Olberding, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Jeriton Lavar Curry ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against the Federal Bureau of Prisons ("BOP")/Federal Correctional Institution Williamsburg ("FCI Williamsburg") and Officer J. Olberding ("Officer") (collectively "Defendants"). He alleges Defendants violated his rights to due process and equal protection under U.S. CONST. amend. XIV and subjected him to cruel and unusual punishment in violation of U.S. CONST. amend. VIII. [ECF No. 1 at 4]. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.      Factual and Procedural Background

Plaintiff alleges that in December 2019, Officer falsely charged him with possession of narcotics and unlawfully visually searched him in an area visible to other inmates. [ECF No. 1 at 5, 12]. He claims that immediately after the incident, he filed a complaint with the Department of Justice ("DOJ") pertaining to Officer's actions. *Id.* He maintains that the DOJ investigated his claim and sent someone to interview him on May 5, 2020. *Id.* at 5.

Plaintiff claims that Officer subsequently "[p]roceeded with [r]etaliation motives" based on his filing of the complaint and the subsequent investigation. *Id.* at 5, 12. He maintains Officer harassed him and added additional frivolous charges, leading him to be assigned to the special housing unit ("SHU"). *Id.* at 5. He specifically claims Officer ordered him out of his cell on December 5, 2020, and conducted visual searches of his person and his cell. *Id.* at 12. He states Officer subsequently confronted him with a Bible he found in his cell, claiming that a bookmark within it contained an illicit substance. *Id.* at 13. He indicates he was subsequently called to the Captain's office, where he was informed that the bookmark tested positive for phenylcyclohexyl piperidine ("PCP") and that he was being placed in the SHU. *Id.* He notes he received multiple sanctions, but appealed the decision, and the charges were expunged after the evidence tested negative for PCP. *Id.*

Plaintiff claims retaliation from the administration and prison official led to fabricated charges, affected his custody level, and caused him to be confined to the SHU without penological justification or reason. *Id.* at 7.

Plaintiff alleges that on December 7, 2020, he was assigned to a cell with another inmate who had previously informed the SHU officer and medical staff that he was experiencing symptoms of COVID-19 and should be isolated from other inmates. *Id.* at 4, 13. He maintains he objected to being housed in the cell with the other inmate, but acquiesced after the SHU officer threatened to file another incident report and place him in the hard cell. *Id.* at 13. He states he contracted COVID-19 from the other inmate, testing positive on January 8, 2021. *Id.* at 5. He claims prison officials failed to follow guidelines from the Centers for Disease Control ("CDC") when they placed him in a cell with another inmate who was positive for COVID-19 and that he contracted it because of their negligent actions. *Id.* at 7.

Plaintiff indicates he was moved to the isolation range on January 8, 2021, and placed in a cell across from an inmate, William Sean Dahl ("Mr. Dahl"), with whom he frequently conversed. *Id.* at 14. He claims that Mr. Dahl had tested positive for COVID-19 and had recently been hospitalized. *Id.* He alleges that on January 13, 2021, Mr. Dahl complained of difficulty breathing and requested medical attention, but the SHU officer declined his request, noting there was no medical staff in the facility during the night. *Id.* He claims

3

that Officer Felder found Mr. Dahl unresponsive in his cell around noon on January 14, 2021, and that Mr. Dahl died. *Id.* at 14–15. He alleges that hearing Mr. Dahl's pleas for help affected him emotionally. *Id.* at 15.

Plaintiff claims that following Mr. Dahl's death, he wrote to the warden of FCI Williamsburg and the director of the BOP about what he had witnessed with respect to Mr. Dahl's death. *Id.* He maintains that after he did so, his mail was censored and intercepted, as his family complained of not receiving his letters and he failed to receive their correspondence and orders from the court. *Id.* He claims prison officials started to retaliate against him, ignoring his grievances and interfering in the administrative remedy process. *Id.* He states he has been unlawfully confined in the SHU over the prior two months for unknown reasons and has been transferred to a greater severity level. *Id.* at 15–16. He alleges his administrative remedies are being violated and he is being denied medical assistance. *Id.* at 16.

II. Discussion

    A.    Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may

4

be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it

clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

   B.   Analysis

      1.   *Bivens* Claims

Plaintiff's claims for monetary damages based on alleged constitutional violations on the part of federal agents is brought pursuant to *Bivens*, 403 U.S. 388. A *Bivens* action is a judicially-created damages remedy designed to address violations of constitutional rights by federal actors. *See id.* at 395–97. "The purpose of *Bivens* is to deter individual federal officers from committing constitutional violations." *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001). Thus, *Bivens* actions cannot be brought against federal agencies or officials acting in their official capacities. *See Doe v. Chao*, 306 F.3d 170, 184 (4th Cir. 2002) (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994)). Further, "[b]ecause vicarious liability is inapplicable to *Bivens* . . . suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Plaintiff has failed to specify whether he is suing Officer in his official capacity, his individual capacity, or both. His claims against the BOP/FCI Williamsburg may not proceed pursuant to *Bivens*. To the extent that Plaintiff alleges constitutional wrongdoing by officers or prison administration generally, such claims may not proceed under *Bivens*.

### 2.    Challenge to Classification

To the extent Plaintiff claims his constitutional rights to due process and equal protection were violated based on changes to his classification, such an action is unsupported. "The federal constitution itself vest no liberty interest in inmates retaining or receiving any particular security or custody status [a]s long as the [challenged] conditions or degree of confinement is within the sentence imposed . . . and is not otherwise violative of the Constitution." *Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir. 1994) (quotations omitted). Congress has delegated inmates' custody classification and placement in BOP programs and facilities to the full discretion of prison officials. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Meachum v. Fano*, 427 U.S. 215 (1976). Plaintiff has not alleged that his classification has caused harm rising to the level of a constitutional violation, is not within his imposed sentence, or is unsupported by BOP classification policies.

7

### 3. Medical Negligence

Plaintiff's allegation that prison staff was negligent in placing him in a cell with another inmate who was exhibiting symptoms of COVID-19 is insufficient to support a cause of action under the Eighth Amendment. To support an Eighth Amendment violation, Plaintiff must show that a defendant exhibited "deliberate indifference" to his "serious medical needs." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). This requires more than a showing of mere negligence. *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976), and "more than ordinary lack of due care for the prisoner's interests or safety." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). To the extent Plaintiff alleges prison officials acted negligently in potentially exposing him to COVID-19, he has not alleged sufficient facts to suggest that his Eighth Amendment rights were violated.

### 4. Visual Search

Plaintiff alleges that in December 2019, Officer "unlawfully" visually searched him in an area visible to other inmates. [ECF No. 1 at 5, 12]. He does provide details to support his claim that the search was unlawful or explain how the search violated his constitutional rights.

### 5. Emotional Distress

Plaintiff claims he suffered emotional distress as a result of having heard Mr. Dahl's pleas for help prior to his death. [ECF No. 1 at 15]. However,

8

Plaintiff has failed to identify any federal constitutional right that any defendant violated that led to his alleged emotional distress.

      6.      Exhaustion of Administrative Remedies

Plaintiff indicates he submitted the exact same remedies through informal resolution attempts on four occasions, but his unit team failed to respond. *Id.* at 6, 7. He states he filed two more grievances through FCI Williamsburg's administration, and received no responses thereto. *Id.* at 7. He claims he filed another grievance with the Southeastern Regional Office, and is "awaiting response." *Id.* at 7.

Pursuant to the Prison Litigation Reform Action ("PLRA"), "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To satisfy this requirement, a plaintiff must avail himself of every level of available administrative review. *See Booth v. Churner*, 532 U.S. 731 (2001). Plaintiff has failed to allege that he exhausted all levels of administrative review prior to filing this action.

      7.      Release from Incarceration Not an Available Remedy

In addition to monetary damages, Plaintiff requests the court order his immediate release from the BOP. [ECF No. 1 at 5]. Release from detention is not an available remedy in a *Bivens* action. *See Preiser v. Rodriguez*, 411 U.S.

475, 500 (1973) (holding that habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedy release). Thus, the court cannot grant Plaintiff's request for release, even should he prevail in this action.

### NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **May 26, 2021**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

*Shiva V. Hodges*

May 5, 2021  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge