IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Jeriton Lavar Curry, ) | |
| ) | C.A. No.  1:21-01300-HMH-SVH |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| J. Olberding, *SIS Officer*, and Officer ) | |
| Hardison, *SHU Staff*, ) | |
| ) | |
| Defendants. ) | |

    This matter is before the court with the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Jeriton Lavar Curry ("Plaintiff"), a federal prisoner proceeding pro se, filed this action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging violations of his constitutional rights.  (Compl., generally, ECF No. 1.)  On November 8, 2021, Defendants filed a motion to dismiss, or in the alterative, motion for summary judgment.  (Mot. Dismiss, ECF No. 53.)  In her Report and Recommendation, Magistrate Judge Hodges recommends granting Defendants' motion.  (R&R, generally, ECF No. 59.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

Plaintiff filed objections to the Report and Recommendation.[2] (Objs., ECF No. 66.) Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that Plaintiff's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. Accordingly, the court finds that Plaintiff's objections are without merit. Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Hodges' Report and Recommendation and incorporates it herein by reference.

---

[2] Plaintiff titled his filing "Notice of Right to File Objections to Report and Recommendation, and Motion to Appoint Counsel." (Objs. 1, ECF No. 66.) Plaintiff's motion to appoint counsel is denied because there is no right to counsel in civil cases absent "exceptional circumstances," which are not present in this case. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. United States. Dist. Ct. for S. Dist. of Iowa, 490 U.S. 296 (1989).

It is therefore

**ORDERED** that Defendants' motion to dismiss, or in the alternative, motion for summary judgment, docket number 53, is granted. It is further

**ORDERED** that Plaintiff's motion to appoint counsel, docket number 66, is denied.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
March 15, 2022

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.